UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| WILLIAM M. PUTMAN #118699 | ) | |
| | ) | |
| v. | ) | NO. 2:08-CV-02 |
| | ) | |
| RICKY BELL, Warden; | ) | |
| STATE OF TENNESSEE | ) | |

## MEMORANDUM OPINION

State prisoner William M. Putman has filed this *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1995 Carter County convictions, obtained via his pleas of *nolo contendere*,[1] for one count of felony first-degree murder; two counts of aggravated robbery; and one count of attempted robbery. For these offenses he was sentenced to life without parole [though later re-sentenced to life with parole]. However, the application will not be served upon respondents and the petition will be dismissed as untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations governing the filing of an application for a writ of habeas corpus. 28 U.S.C. § 2244. The statute begins to run, as relevant here, at the conclusion of direct

---

[1] A *nolo contendere* plea is not viewed as an express admission of guilt, but as a consent by a defendant that he may be punished as though he were guilty. *North Carolina v. Alford*, 400 U.S. 25, 36 n.8 (1970).

review. *Id.* But, the statute also contains a time-tolling mechanism: the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2).

According to petitioner's application, he pled *nolo contendere* and was convicted on February 3, 1995. His conviction and judgment, therefore, became final on March 5, 1995, when the time expired for seeking an appeal. *State v. Green*, 106 S.W.3d 646, 650 (2002) (A judgment based on a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of the sentence.). A prisoner whose conviction has become final before the enactment of the AEDPA, like petitioner, is afforded until April 24, 1997—one year from the effective date of the AEDPA, to file a timely petition under 28 U.S.C. § 2254. *Brown v. O'Dea,* 187 F.3d 572, 575 (6th Cir. 1999). On April 24, 1996, the AEDPA's clock started ticking and would have expired one year later, unless something happened to stop it.

In December of 2002, petitioner filed a state application for a writ of habeas corpus. After the state habeas court determined that his original sentence of life without the possibility of parole was illegal, the trial court re-sentenced him, over his objections, to life *with* the possibility of parole. Petitioner sought review of that sentence, but the Tennessee Court of Criminal Appeals affirmed the lower court's decision on August 18, 2005, and further review was declined by the state supreme court on December 19, 2005. *Putman v.*

2

*State*, 2005 WL 1996634 (Tenn. Crim. App. Aug. 18, 2005), *perm. app. denied* (Tenn. 2005).

Petitioner's next endeavor was to petition for post-conviction relief, which he did on January 27, 2006. The petition was denied as untimely and also on the merits, on March 29, 2006. Petitioner's subsequent appeals to both levels of Tennessee's higher courts were unsuccessful, and his post-conviction case ended with the state supreme court's denial of review on October 15, 2007. *Putman v. State*, 2007 WL 1989019 (Tenn. Crim. App. July 11, 2005), *perm. app. denied* (Tenn. 2007). This federal habeas corpus application was filed in Western District of Tennessee on December 6, 2007, but later was transferred to this Court.

Under this procedural scenario, the AEDPA's one-year clock started running on April 24, 1996, and ran continuously until April 24, 1997. The filling of the state habeas corpus petition in 2002 does not toll § 2244(d)'s one-year period because, by the time that petition was filed, the AEDPA's statute of limitations had long since lapsed and there was nothing left to toll. Nor did petitioner's later state court filings restart the clock. *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir.2003) ("The tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Therefore, this § 2254 petition, which was filed on December 6, 2007, was brought more than ten and a half years after the lapse of the statute of limitations.

3

Even so, the AEDPA's limitations statute is not jurisdictional and, as petitioner correctly observes, is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001). Petitioner's arguments for equitable tolling are torturous and abstruse, but as best as the Court can discern, they boil down to this: (1) A properly-filed petition post-conviction or other collateral review tolls the AEDPA's one-year time period; (2) petitioner's state post-conviction petition, contrary to the state court's conclusion, was timely, and (3) [by implication] it was timely because the one-year limitations period for seeking post-conviction relief only applies to "a person in custody under 'a sentence' of a court of this state" (citing Tenn. Code. Ann. § 40-30-102) and because he was not a person under *a sentence* of a state court since both his non-parolable and parolable life sentences are illegal.

If, in fact, these are petitioner's intended arguments, they do not justify equitable tolling. First of all, an untimely filed post-conviction petition is not "a properly filed" application for state post-conviction relief. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) ( "[W]e hold that time limits, no matter their form, are "filing" conditions. Because the state court rejected [the] petition as untimely, it was not "properly filed," and [petitioner] is not entitled to statutory tolling under § 2244(d)(2)."); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (properly-filed state collateral action is one which complies with applicable state laws and rules governing filings, including time limits upon its delivery). Secondly, this Court cannot determine whether the state court correctly found that petitioner's post-conviction

4

application was untimely under state law, because its finding is "the end of the matter," insofar as § 2244(d)(2) is concerned. *Pace*, 544 U.S. at 414 (citation omitted).

Moreover, a petitioner who does not act diligently in pursuing his claims is ineligible for equitable tolling. Petitioner's claim that his sentence of life without the possibility of parole was unlawful was available to him in 1995, at the time of sentencing. *See Putman*, 2005 WL 1996634, at *1 (noting that the sentencing law in effect at the time of petitioner's crime provided for only two punishments—life with parole or a death sentence). Waiting seven years from sentencing to seek state habeas corpus relief on the ground of an illegal sentence, without any legitimate reason, does not exhibit diligence. A lack of diligence "precludes equity's operation." *Id.*, at 419. The Court is convinced that this is not a case for equitable tolling.

Even if it were such a case, a claim that a sentence violates state law, generally, is not a cognizable § 2254 claim. This is so because a habeas corpus court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Bay v. Bagley*, 500 F.3d 514, 519 (2007) (quoting *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)). Of course, if, at the same time, the state-law error constitutes an independent violation of due process, a habeas court will entertain the claim. *Id.* No such error occurred here.

It is true that due process may be violated when an increase in a petitioner's sentence, even to correct a legal error in the sentence, upsets his settled expectation in the

5

finality of his sentence. *See Onifer v. Tyszkiewicz*, 255 F.3d 313, 317-18 (6th Cir. 2001). However, the Court has not found a case holding that a due process violation occurs when the criminal penalty is *lessened— not increased* —and indeed, one federal court of appeals has held to the contrary. *Beem v. McKune*, 317 F.3d 1175, 1182 (10th Cir. 2003) (finding that due process is not violated where a state court, exercising its authority to correct an illegal sentence, lowers the sentence for the crime of conviction) (citing *Apprendi v. New Jersey*, 530, 481-82 (2000), and *Harris v. United States*, 536 U.S. 545 (2002)). Absent a constitutional violation, petitioner's claim that his sentence is illegal under state law is not cognizable in this proceeding.[2]

A district court which is presented with a § 2254 application must examine it to determine, *inter alia*, whether it plainly appears from the pleading and any attached exhibits that the petitioner is not entitled to relief. *See* Rule 4, Rules Governing Section 2254 Cases. If it so appears, the court must dismiss the petition and direct the clerk to notify the petitioner. *Id.*

For the above reasons, it plainly appears from the pleading and exhibit attached thereto that petitioner is not entitled to relief and that the application should be dismissed summarily because it comes more than ten years too late.

---

[2] Three out of the four grounds raised in the petition, specifically Grounds 1, 3, and 4, are related in some fashion to his illegal-sentence claims and the other ground, Ground 2, is purely a matter of state post-conviction law. Thus, none of these grounds are recognizable habeas corpus claims. *See Estelle v. McGuire*, 502 U.S. at 68.

The Court must now decide whether to issue a certificate of appealability (COA). Petitioner qualifies for issuance of a COA if he has made a substantial showing of the denial of a constitutional right; he makes such a showing by demonstrating that reasonable jurists might question the correctness of the Court's procedural ruling or its assessment of his constitutional claims. *See Slack v. McDaniel,* 529 U.S. 473 (2000). The Court has found that the application is untimely and, alternatively, that the claims raised therein are not cognizable habeas corpus claims.

The Court does not believe that jurists of reason would question whether the petition is timely. Nor would reasonable jurists conclude that the timeliness or equitable-tolling issues "are adequate to deserve encouragement proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Therefore, the Court will **DENY** issuance of a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

A separate order will enter.

ENTER:

        s/ Leon Jordan
United States District Judge